IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | CASE NO. 14 B 00960 |
| Tyree Hayden and Emma J Hayden ) | Judge Hon. Schmetterer |
| ) | CHAPTER 13 |
| ) | |
| Tyree Hayden and Emma J Hayden ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | ADV. NO. 14 AP 00181 |
| Green Tree Servicing, LLC ) | |
| ) | |
| Defendant. ) | |

PROPOSED **FINDINGS OF FACT AND CONCLUSIONS OF LAW**

**A.    The Parties**

1. The Plaintiffs are Tyree Hayden and Emma J Hayden ("Plaintiffs").

2. The Defendant is Green Tree Servicing, LLC ("Defendant").

**B.    Factual Background**

1. On or about January 14, 2014, Plaintiffs filed a petition for relief under Chapter 13 of the Bankruptcy Code.

2. Plaintiffs own the real estate commonly known as 3814 St Paul Avenue, Bellwood, IL 60104.

3. That Bank of America, N.A. holds a first mortgage lien on the real property commonly known as 3814 St Paul Avenue, Bellwood, IL 60104, with a secured claim of $132,284.00 pursuant to the Plaintiffs' recent credit report.

4. The Defendant holds a second mortgage lien on the real property known as 3814 St Paul Avenue, Bellwood, IL 60104 in the approximate amount of $67,291.00 pursuant to the Plaintiffs' recent statement.

5. On January 12, 2014, LM Appraisal Group completed property comparables for the Plaintiffs. Said property comparables reflect the value of 3814 St Paul Avenue, Bellwood, IL 60104 to be $87,000.00.

6. The Modified Chapter 13 Plan filed on March 7, 2014, provides that the Plaintiffs will make monthly payments to the Chapter 13 Trustee in the amount of $430.00 per month for 36 months.

7. Under the Chapter 13 Plan, general unsecured creditors will be paid 10% of their allowed claims.

8. On March 14, 2014, Plaintiffs issued a summons and complaint pursuant to 11 U.S.C. § 506(a) and Bankruptcy Rule 3012 to determine the validity of Defendant's lien on Plaintiffs' property located at 3814 St Paul Avenue, Bellwood, IL 60104.

9. That on March 14, 2014, a copy of the summons and complaint was served in accordance with Rule 7004 of the Federal Rules of the Bankruptcy Procedure by Certified Mail, postage prepaid to Green Tree Servicing, LLC, 345 St. Peter Street, 300 Landmark, St. Paul, MN 55102, and also to C T Corporation System, registered agent for Green Tree Servicing, LLC, 208 S. LaSalle Street, Suite 814, Chicago, IL 60604.

10. The summons indicated that a motion or answer was required within 30 days of issuance; to date, no responsive pleading has been filed.

11. No evidence has been presented to challenge the validity of the secured claim that holds priority over the second mortgage lien.

12.  No evidence has been presented to challenge the property value of $87,000.00.

13.  The first secured claim of Bank of America, N.A. in the amount of $132,284.00 exhausts the value and equity in Plaintiffs' residence.

14.  There is no value and equity to support the claim of the Defendant.

## CONCLUSIONS OF LAW

**A.  Jurisdiction**

1.  This contested matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K). This court has jurisdiction overt this matter pursuant to 28 U.S.C. §§ 157(a) and 1334(b).

2.  Venue is proper in this district pursuant to 28 U.S.C. § 1409.

**B.  Argument**

3.  This action was initiated under 11 U.S.C. § 506(a) and F. R. Bankr. P. 3012.

4.  Plaintiffs scheduled the first secured claim of Bank of America, N.A. in the amount of $132,284.00, and the second secured claim of Green Tree Servicing, LLC in the amount of $67,291.00.

5.  That value of Plaintiffs' residence is $87,000.00.

6.  To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void..." *11 U.S.C. §§ 506(a) and 1322(b)(2)*. If a debtor's chapter 13 case is dismissed then any lien voided under § 506(d) is reinstated. *11 U.S.C. §349(b)(1)(C)*. Although the Seventh Circuit has not yet considered the issue, the vast majority of circuits hold a wholly unsecured junior mortgage is subject to strip off pursuant to 11 U.S.C. §506(d), notwithstanding the anti-modification protection afforded holders of

home mortgages in 11 U.S.C. §1322(b)(2) as implied by Nobelman v. American Savings Bank, 508 U.S. 324 (1993). See Pond v. Farm Specialist Realty (In re Pond), 252 F.3d 122 (2nd Cir. 2001); McDonald v. Master Fin., Inc. (In re McDonald), 205 F.3d 606 (3rd Cir. 2000); In re Bartee, 212 F.3d 277 (5th Cir. 2000); In re Lane, 280 F.3d 663 (6th Cir. 2002); Zimmer v. PSB Lending Corp., 313 F.3d 1220 (9th Cir. 2002); and In re Tanner, 217 F.3d 1357 (11th Cir. 2000).

Enter: _____
United States Bankruptcy Judge

Dated: MAY 0 2 2014

Robert J. Semrad & Associates
Attorney for Debtor
20 South Clark, 28th Floor
Chicago, IL 60603
(312) 913-0625